UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CARLOS PEREZ RUIZ et al.,

                    Petitioners,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

Case No. 1:25-cv-1574

Hon. Hala Y. Jarbou

## **<u>ORDER</u>**

This is a habeas corpus action brought by nineteen individuals detained by the United States Immigration and Customs Enforcement (ICE), challenging the lawfulness of Petitioners' current detention. Petitioners indicate that they are bringing this action under 28 U.S.C. § 2241 for violation of the Immigration and Nationality Act (INA), the Fifth Amendment's Due Process Clause, and the Administrative Procedures Act (APA). (Pet., ECF No. 1, PageID.17–18.) The Court grants Petitioners leave to proceed *in forma pauperis*. For the following reasons, the Court will direct the Clerk to sever the claims of Petitioners into separate actions.

## I.      Background

Petitioners are native and citizens of countries other than the United States. (*Id.*, PageID.2.) Each Petitioner entered the United States at sometime between 1988 and 2024. (*Id.*) None of the Petitioners encountered U.S. immigration officials after entry. (*Id.*) None of the Petitioners are subject to a removal order. (*Id.*) Each Petitioner, prior to his or her arrest, was living in Illinois. (*Id.*) ICE arrested and detained each Petitioner sometime between September 2025 and November 2025. (*Id.*) Each Petitioner was transported to the Broadview Processing Center in Broadview,

Illinois. (*Id*.) Each Petitioner was then transferred to the North Lake Processing Center in Baldwin, Michigan. (*Id*.) Each Petitioner remains detained at that facility. (*Id*.)

## II.    Joinder and Severance

Petitioners have filed their claims as a single petition. Federal Rule of Civil Procedure 20 governs the "permissive joinder of parties." Fed. R. Civ. P. 20. Specifically, Rule 20(a)(1) identifies the circumstances where plaintiffs or petitioners may join together and raise their claims in one action:

> (A) [if] they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) [if] any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Certainly, there are at least some common issues of law and fact raised in the petition. Nonetheless, at this stage of the proceedings, given the limited factual information contained within the petition, it is not clear whether all Petitioners are entitled to proceed in a single action under Rule 20(a)(1).

Even if joinder is permitted under Rule 20(a)(1), "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted); *Third Degree Films, Inc. v. John Does 1– 72*, No. 12-CV-14106, 2013 WL 1164024, at *5 (E.D. Mich. Mar. 18, 2013), *R. & R. adopted,* No. 12-CV-14106, 2013 WL 4416159 (E.D. Mich. Aug. 15, 2013) (explaining that "the court should examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side" and "may also consider factors such as the motives of the party seeking joinder and whether joinder would confuse and complicate the issues for the parties involved" (citation and internal quotation marks omitted)).

Based on the Court's recent wealth of experience with scores of individual petitions seeking the same relief sought by Petitioners, factually distinct individual circumstances regarding entry into the United States, when and where each petitioner first encountered ICE, prior proceedings, and present status suggest that, even if Petitioners' claims present *some* common questions of law and fact, the merits of their claims and the types of relief available may differ significantly and will necessarily require case-by-case determinations. For that reason, adjudicating Petitioners' claims in a single petition would complicate the issues and result in confusion. The Court concludes that keeping all nineteen Petitioners in one action would not facilitate judicial efficiency.

To avoid these difficulties and in the interests of justice, the Court will direct the Clerk to sever the claims of Petitioners into separate actions. Petitioner Carlos Perez Ruiz may proceed under the existing case number. The Clerk shall open new cases for the claims of each other Petitioner. The pleadings filed to date in the instant case shall appear in the docket of each case. For the same reason the Court concludes that severance is appropriate, the Court also concludes that the cases that will result from the severance of Petitioners' claims should not be considered related cases under the Local Rules. *See* W.D. Mich. LCivR. 3.3.1(d), 3.3.2.

**IT IS SO ORDERED**.

Dated: December 10, 2025                     /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE